IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LAVORIS WEATHERS**             **PLAINTIFF**

**V.**             **NO. 4:22-CV-48-DMB-JMV**

**REGION VI COMMUNITY HEALTH
COMMISSION d/b/a Life Help**             **DEFENDANT**

**OPINION AND ORDER**

Lavoris Weathers sued Region VI Community Health Commission asserting federal and state law claims based on the termination of his employment. Region VI moves to dismiss all claims as untimely and/or for failure to state a claim. Because the Court concludes that any Title VII claim is untimely and that Weathers failed to plead sufficient facts to support his other claims, the motion to dismiss will be granted but Weathers will be allowed to seek leave to amend.

**I
Procedural History**

On April 1, 2022, Lavoris Weathers filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Region VI Community Health Commission d/b/a Life Help. Doc. #1. Asserting federal and state law claims, the complaint seeks monetary damages "for wrongful termination, breach of contract, violation of civil rights, and retaliation against Region VI for its actions both prior to, during, and after terminating the employment of … Weathers." *Id.* at 1.

On May 5, 2022, Region VI Community Mental Health Commission, stating that it was "[i]ncorrectly identified in the Complaint as Region VI Community Health Commission d/b/a

Life Help,"[1] filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. #9. The motion is fully briefed. Docs. #10, #12, #15.

## II
## Standard

> To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Henley v. Biloxi H.M.A., L.L.C.*, 48 F.4th 350, 353 (5th Cir. 2022). "While the court must accept the facts in the complaint as true, it will not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal quotation marks omitted). Courts "hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

## III
## Factual Allegations

At some point before April 6, 2021, Lavoris Weathers reported his supervisor, Laquita Peacock, for "intimidat[ing a patient] and verbally attack[ing] him" prior to such patient "run[ning] away from the facility and jump[ing] to his death." Doc. #1 at 2. Region VI "failed to investigate, ask questions or conduct an inquiry into the allegations" in violation of its employee handbook. *Id.*

Weathers submitted a "leave request on March 4, 2021" but was not informed "his request was denied until March 28, 2021—just one (1) day before the leave period was requested

---

[1] Region VI has taken no action to correct the misnomer.

to begin." *Id.* at 3. Weathers ran for city council in an April 6, 2021, election but denial of the leave request "deprived him the opportunity to be off work on election day." *Id.* at 3–4. Region VI "terminated him for not reporting to work on April 6, 2021." *Id.* at 4.

After filing a discrimination charge with the EEOC, Weathers received a "Dismissal and Notice of Rights" letter dated May 5, 2021. Doc. #1-2.

## IV
## Analysis

Weathers alleges that in violation of his First Amendment rights, Region VI terminated him in retaliation for reporting Peacock's conduct and "to avoid conducting an investigation" into her actions, and "deprived [him] the opportunity to participate in the political process in violation of his constitutional rights under the 14th and 15th Amendments." Doc. #1 at 2–5.

Region VI construes the complaint as asserting four federal claims—retaliation under Title VII, the First Amendment, and the Fifteenth Amendment, as well as a "violation of [Weather's] constitutional rights to employability." Doc. #10 at PageID 104. It also construes the complaint as asserting state law claims for breach of contract, wrongful termination in violation of public policy, negligence, negligent failure to investigate, and gross negligence. *Id.* at PageID 104–05. Region VI submits that all of Weathers' claims are due to be dismissed. *Id.* at PageID 110.

### A. Federal Claims

Region VI argues Weathers "cannot establish causation with respect to any of the conduct about which he complains, whether under Title VII or the First, Fourteenth, or Fifteenth Amendments" because Weathers reported Peacock's conduct in 2017 and he was not terminated until 2021, and Weathers "does not state facts sufficient to articulate any protected rights (and

3

subsequent violations of the same) that are available to him." *Id.* at PageID 110. It also argues that any Title VII claim is untimely. *Id.*

Weathers failed to substantively address Region VI's arguments, with the exception of those related to the applicable limitation period. *See* Doc. #12. Generally, "[a] plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims." *Terry Black's Barbeque, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022). However, "[a]s a pro se plaintiff, [Weathers'] pleadings and arguments are construed liberally." *Davis v. Lumpkin*, 35 F.4th 958, 962 (5th Cir. 2022). Because Weathers filed a response in an effort to address Region VI's arguments, the Court will address the merits of the claims rather than deeming them abandoned.

### 1. Title VII

With respect to any Title VII claim, Region VI argues that because Weathers received his "Dismissal and Right to Sue letter from the EEOC on May 5, 2021," even assuming an action Weathers previously filed in this Court tolled the 90-day period in which to bring suit, he had until February 28, 2022, "to file any Title VII claim" but failed to bring this action until April 1, 2022. Doc. #10 at PageID 112. Weathers responds generally that his "cause of action did not begin to accrue until April 6, 2021, the date he was wrongfully terminated due to the conduct of [Region VI]." Doc. #12 at PageID 127. Region VI replies that "[n]othing in [Weathers'] response changes that his Title VII claim had to be filed on or before February 28, 2022, to be timely[ and he] did not file the instant Title VII claim until April 1, 2022." Doc. #15 at PageID 141.

"Title VII requires a plaintiff to file a lawsuit within 90 days of receiving an EEOC right-to-sue notice." *Odle v. Wal-Mart Stores, Inc.*, 747 F.3d 315, 320 n.18 (5th Cir. 2014). "Where

4

the date of receipt is not known, courts should apply a presumption that the plaintiff received the notice in three days." *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015).

Because the Dismissal and Notice of Rights letter Weathers received is dated May 5, 2021, the Court presumes Weathers received it May 8, 2021. Any Title VII claim then had to be filed by August 6, 2021. Assuming, without deciding, that Weathers' previous action against "Life Help Region 6" stayed the limitations period, he had until March 2, 2022, to file any claims.[2] Because Weathers' complaint here was not filed until April 1, 2022, his Title VII claim is untimely and properly dismissed. *See Jenkins*, 784 F.3d at 267 (affirming dismissal of claims in EEOC charge that were not timely filed).

Even if such claim was timely, Region VI argues that Weathers cannot establish causation because "a complaint made in June of 2017 is too remote in time with respect to his termination in April of 2021 to establish causation." Doc. #10 at PageID 113. While the complaint in this case does not contain any dates regarding when Weathers complained of Peacock's conduct, his complaint in his previous action indicated the patient died on June 2, 2017.[3] *See Weathers v. Life Help Region 6*, No. 4:21-cv-83, at Doc. #1 (N.D. Miss. July 7, 2021). Because the Fifth Circuit has found a shorter, two-year gap between the protected activity and the adverse employment action "too remote to permit a reasonable inference of

---

[2] Sixty days passed between May 8, 2021, and July 7, 2021, the date the complaint was filed in Weathers' previous action. *See Weathers v. Life Help Region 6*, No. 4:21-cv-83, at Doc. #1 (N.D. Miss. July 7, 2021). The Court dismissed Weathers' claims without prejudice on January 31, 2022, *id.* at Doc. #28, on motion filed by Region VI Community Mental Health Commission stating it was "[i]ncorrectly identified in the Complaint as 'Life Help Region 6,'" *id.* at Doc. #5 at 1 n.1. Thus, the remaining thirty days expired on March 2, 2022.

[3] On a Rule 12(b)(6) motion, courts may take "judicial notice of court pleadings in other cases" "because they are public records." *Muchison Cap. Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015); *Cox v. Richards*, 761 F. App'x 244, 248 (5th Cir. 2019) ("A district court may take judicial notice of public records without converting a Rule 12(b)(6) motion into a motion for summary judgment."); *Biliouris v. Patman*, 751 F. App'x 603, 604 (5th Cir. 2019) ("A court may take judicial notice of the record in prior related proceedings.").

causation," Weathers' claim must be dismissed for failure to plead an essential element. *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433–34 (5th Cir. 2021) ("To establish Title VII retaliation, [a plaintiff] must show that … a causal link exists between the protected activity and the adverse employment action.").

### 2. First Amendment

Region VI argues that Weathers' "§ 1983 claim based on an alleged First Amendment violation applicable to the states pursuant to the Fourteenth Amendment is due to be dismissed because the speech [he] allegedly engaged in—reporting his supervisor for alleged conduct …—is not protected under the First Amendment." Doc. #10 at PageID 115. In response, Weathers does not present any argument why his speech was protected but rather just repeats the complaint's allegations that he was terminated in retaliation for reporting Peacock's conduct.

To state a First Amendment retaliation claim, Weathers must show he spoke on a matter of public concern rather than pursuant to his official duties. *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 276 (5th Cir. 2020). The Fifth Circuit has recognized that "a public employee's speech is made pursuant to his or her official duties when it is made in the course of performing his employment." *Id.* at 276–77. Because Weathers failed to allege adequate facts to show that his speech was on a matter of public concern rather than within the scope of his employment, he failed to state a First Amendment retaliation claim. *See Davis v. McKinney*, 518 F.3d 304, 313 (5th Cir. 2008) ("[W]hen a public employee raises complaints or concerns up the chain of command at his workplace about his job duties, that speech is undertaken in the course of performing his job.").

6

### 3. Fifteenth Amendment

Region VI argues Weathers' Fifteenth Amendment claim fails because "there is no allegation that [he] was denied the right to vote, or that not being off on election day somehow hindered his ability to participate in the political process, either as a voter or as a candidate." Doc. #10 at PageID 117. In response, Weathers simply reiterates the complaint's allegations that by denying him leave, Region VI violated his "constitutional rights to run for public office and engage in the political process." Doc. #12 at PageID 129.

The Fifteenth Amendment provides that "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." The Court agrees that the complaint lacks factual allegations to support the claim that denial of Weathers' leave request prevented him from voting or that such action was in any way related to his race. As such, Weathers failed to state a Fifteenth Amendment claim.

### 4. Employability

Region VI argues that no constitutional right to employability exists and Weathers "does not cite any federal law or constitutional provision to establish otherwise." Doc. #10 at PageID 117. Weathers fails to respond to the substance of this argument. Because the Court already concluded that Weathers' Title VII claims as well as his First and Fifteenth Amendment claims must be dismissed, Weathers' failure to identify any other rights or statutes allegedly violated by his termination means that he has failed to state a claim with respect to his termination.

### 5. Summary

Because Weathers' Title VII claims are untimely, they are properly dismissed with prejudice. Weathers' remaining federal claims are also properly dismissed for failure to state a

claim. However, courts "should provide *at least* one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the plaintiff[] … [is] unwilling or unable to amend in a manner that will avoid dismissal." *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (cleaned up). Thus, Weathers will be allowed a period of time to seek leave to amend his remaining federal claims.

### B. State Law Claims

Region VI also argues dismissal of all of Weathers' state law claims is warranted. Because the Court has found dismissal of the federal claims proper such that no federal claims remain, ordinarily it would decline to exercise supplemental jurisdiction.[4] But since Weathers will be allowed to seek leave to amend certain claims, the Court will proceed to address the state law claims.

#### 1. Negligence claims

Region VI argues that Weathers' "tort claims (*i.e.*, negligence, negligent failure to investigate, and gross negligence)" are "barred by Mississippi's Workers' Compensation Act's exclusivity provisions," untimely, and due to be dismissed because "all of the 'negligent' conduct relates to [its] alleged treatment of the patient who jumped off the bridge in June of 2017" and Weathers "did not and cannot establish a duty Region VI owed to him." Doc. #10 at PageID 118–19 (emphasis omitted). Weathers only addresses the timeliness argument, asserting that "the statute of limitations for all claims is three (3) years from April 6, 2021." Doc. #12 at PageID 128.

"To state a claim for negligence, a plaintiff must allege four familiar elements: duty, breach, causation, and injury." *Seven Seas Techs., Inc. v. Infinite Comput. Sols., Inc.*, 353 F.

---

[4] *See* 28 U.S.C. § 1367(c)(3) (allowing a court to decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction").

Supp. 3d 545, 555 (S.D. Miss. 2018) (citing *Sanderson Farms, Inc. v. McCullough*, 212 So. 3d 69, 76 (Miss. 2017)). Even if timeliness of the claims had not been raised, such claims are properly dismissed because Weathers fails to allege any facts supporting the conclusion that Region VI owed a duty to him—rather than the patient in question—and that it breached such duty. Accordingly, he has failed to state a negligence claim.

### 2. Breach of contract

Region VI argues that Weathers' breach of contract claim fails because "he was an at-will employee as set forth in the Personnel Handbook" and "[a]s there was no contract of employment between Region VI and [Weathers], there was no contract for [it] to breach." Doc. #10 at PageID 119. Weathers responds that "[w]rongful termination in violation of the public policy exception to at will doctrine is satisfied" because he reported Peacock's illegal conduct and was terminated in retaliation. Doc. #12 at PageID 128. Region VI replies that "there is no judicial (criminal, civil, or otherwise) or administrative finding that [Weathers'] supervisor or any other Region VI employee engaged in 'illegal' conduct, as required for the public policy exception to apply." Doc. #15 at PageID 142.

> In *McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So. 2d 603 (Miss. 1993), [the Mississippi Supreme Court] established a narrow public-policy exception to Mississippi's employment-at-will doctrine. [It] held that an employee who is discharged for reporting illegal acts of his employer is not barred by the employment at will doctrine from bringing action in tort for damages against his employer. … Applicability of the exception does not require that a crime has already been committed, but it does require that the acts complained of warrant the imposition of criminal penalties, as opposed to mere civil penalties.

*Roop v. S. Pharms. Corp.*, 188 So. 3d 1179, 1185 (Miss. 2016) (cleaned up).

Although Weathers alleges in his complaint that he reported Peacock's "illegal and improper actions," he failed to include sufficient facts regarding what Peacock actually did so as to allow the Court to find that her actions would warrant the imposition of criminal penalties

rather than civil penalties. Consequently, Weathers failed to allege that his claims fall into the public-policy exception to the employment-at-will doctrine. So Region VI could terminate him for a "good reason, bad reason, or no reason at all." *McArn*, 626 So. 2d at 606.

### 3. Summary

Because Weathers failed to allege a duty Region VI owed him to support his negligence claims and failed to plead sufficient facts to show Peacock's conduct was criminal for his claims to fall into the public-policy exception to at-will employment, his state law claims fail. However, since the Court will allow Weathers the opportunity to seek leave to amend his remaining federal claims, it will allow the same opportunity with respect to his state law claims.

## V
## Conclusion

Region VI's motion to dismiss [9] is **GRANTED**. Weathers' Title VII claim is **DISMISSED with prejudice**. Within fourteen (14) days of the entry of this order, Weathers' may seek leave to amend his complaint with respect to his remaining federal claims and his state law claims.[5]

**SO ORDERED**, this 26th day of October, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[5] Should Weathers fail to seek leave to amend or if it is ultimately determined amendment would be futile, his remaining claims will be dismissed with prejudice.